THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
LEAH S. STRICKLAND [SBN 265724]
lstrickland@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant
MIDLAND CREDIT MANAGEMENT, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

CHRISTOPHER D. RAY, SR.,

Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT INC.,

Defendants.

Case No.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)**

State Court Complaint filed 06/18/15

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1441(a) and 1331, Defendant Midland Credit Management, Inc. (“Defendant”) hereby removes this action from the Superior Court of the State of California for the County of Orange, Case No. 30-2015-00793987-SC-SC-NJC (the “State Case”) to the United States District Court for the Central District of California, Southern Division. The grounds for this removal are:

**FACTUAL SUMMARY**

1. On June 18, 2015, plaintiff Christopher D. Ray, Sr. commenced the State Case alleging violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.), the Fair Credit Reporting Act (15 U.S.C § 1681 *et seq.*), the Consumer Credit Reporting Agencies Act (Cal. Civ. Code § 1785 *et seq.*) and the

Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.).

2. Plaintiff has not performed proper service of the complaint. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b) because the thirty-day deadline to remove has not yet commenced.

**JURISDICTION**

3. Removal is proper pursuant to 28 U.S.C. section 1441(a), which entitles a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and 28 U.S.C. section 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The district court has supplemental jurisdiction over the alleged state law claims because they are so related to the claims over which the district court has original jurisdiction that they "form part of the same case or controversy." 28 U.S.C. § 1367(a).

4. Pursuant to 28 U.S.C. section 1446(a), Midland attaches as **Exhibit 1** a copy of all process, pleadings, and orders in the State Court action.

DATED: July 17, 2015         SOLOMON WARD SEIDENWURM & SMITH, LLP

By: *s/Leah S. Strickland*
THOMAS F. LANDERS
LEAH S. STRICKLAND
Attorneys for Defendant
MIDLAND CREDIT MANAGEMENT, INC.

# INDEX TO EXHIBITS

Pages

Exhibit 1: State Court Complaint........................................................ 1-9